JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

CHAD M. MANDELL (ILBN 6286783)
Special Assistant United States Attorney

      150 South Almaden Boulevard, Suite 900
      San Jose, California 95113
      Telephone: (408) 535-2695
      Facsimile: (408) 535-5081
      chad.mandell@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00745 |
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| JOSE TORRES-CALDERON, | Date: July 10, 2008 |
| Defendant. | Time: 9:00 a.m. |

## **INTRODUCTION**

    The United States hereby submits its sentencing memorandum in the above-referenced case. On April 16, 2008, the defendant entered an "open" plea to the single count information charging him with illegal re-entry following deportation, in violation of Title 8, United States Code, Section 1326. He is scheduled to be sentenced on July 16, 2008. The government respectfully objects to United States Probation Office's Presentence Investigation Report ("PSR") in that it does not account for the drug trafficking offense for which the defendant received a conviction and a four year sentence of imprisonment. This conviction would result in a 16 level enhancement under United States Sentencing Guidelines (U.S.S.G.) §2L1.2(b)(1)((i), or at least an 8 level enhancement under Guidelines § 2L(B)(1)(B) as an aggravated felony.

Otherwise the government agrees with the PSR, and for the reasons stated below, the government recommends a sentence of 77 months imprisonment.

## THE SALE OF COCAINE CONSTITUTES AN AGGRAVATED FELONY AND A DRUG TRAFFICKING OFFENSE

The Immigration and Nationality Act ("INA") § 101(a)(43)(B), 8 U.S.C. §1101(a)(43)(B), defines the term "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." The term "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act." 18 U.S.C. § 924(c). "The term [aggravated felony] applies to an offense...whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years." 8 U.S.C. 1101(a)(43). "[A] state drug offense is an aggravated felony for immigration purposes only if it would be punishable as a felony under federal drug laws or the crime contains a trafficking element. *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir. 2004).

In determining whether a state drug offense qualifies as an aggravated felony, the first task is to "look to the statute under which the person was convicted and compare its elements to the relevant definition of an aggravated felony in 8 U.S.C. §1101(a)(43)." *Chang v. INS*, 307 F.3d 1185,1189 (9th Cir. 2002). Under the approach set out by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575, 602 (1990), the first task "is to make a categorical comparison." *Chang*, 307 F.3d at 1189. According to this "categorical approach," the court should not examine the facts underlying the prior offense." *Taylor*, 495 U.S. at 602. In other words, an offense qualifies as an aggravated felony "if and only if the full range of conduct covered by [the criminal statute] falls within the meaning of that term." *United States v. Baron-Medina*, 187 F3d. 1144 (9th Cir. 1999).

"If the statute is not a categorical match because it criminalizes both conduct that does and does not qualify as an aggravated felony," the Court then proceeds to a "modified categorical

approach." *Ferreira v. Ashcroft*, 390 F.3d 1091, 1095 (9th Cir. 2004). Under this "modified categorical approach," the court conducts " a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially over inclusive." *Chang*, 307 F.3d at 1189. The record of conviction includes the state charging documents, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceedings, and the judgment. *Ferreira*, 390 F.3d at 1095. An abstract of judgment is also clearly appropriate for review when applying the modified categorical approach. *United States v. Smith*, 390 F.3d. 661, 664 (9th Cir. 2004) amended by 405 F.3d 726 (9th Cir.), cert. denied, 546 U.S. 905, 126 S. Ct. 252, 163 L.Ed.2d 2390 (2005).[1]

The statute at issue here is California Health & Safety Code § 11352(a), which provides, in pertinent part, that:

> Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054...shall be punished by imprisonment in the state prison for three, four, or five years.

California Health & Safety Code § 11352(a). Cocaine is classified as a controlled substance under California Health & Safety Code 11054(f)(1).

In *United States v. Rivera-Sanchez*, 247 F3d 905, 909 (9th Cir. 2001)(en banc)[2], the Ninth Circuit concluded that a conviction under California Health & Safety Code § 11352(a) does not automatically constitute an aggravated felony, because, unlike the federal drug laws, the California provision criminalizes solicitation. Accordingly, where an individual is convicted of violating 11352(a), it is necessary to employ the modified categorical approach to determine whether the conduct for which the individual was convicted would have constituted a felony drug crime under federal law or contained a trafficking element.

Turning first to the state charging document, Torres-Calderon was charged with having

---

[1] The 9th Circuit may be considering a decision en banc that could affect which documents are judicially noticeable.

[2] Superceded by statute on other grounds as noted in *United States v. Vidal*, 426 F.3d 1011, 1014-15 (9th Cir. 2005).

1   violated California Health & Safety Code § 11352 by selling or having possessed for sale 28.5
2   grams of cocaine. (Ex. A). While this statute encompasses a wider range of conduct, each count
3   continues by specifically charging Torres-Calderon with having possessed for sale or having sold
4   28.5 grams or more of cocaine within the meaning of California Penal Code §1203.073(B)(1).
5   (Id.). Sale of cocaine is a felony drug trafficking offense under federal law. 21 U.S.C. §§
6   841(a)(1) and 924.

7       The Abstract of Judgment (Ex. B) and Court Minutes (Ex. C), taken together, indicate
8   that Torres-Calderon pled no contest to Count 1 of the Information (Ex. A), which charged him
9   with violating California Health & Safety Code § 11352. The Abstract of Judgment indicates
10  "sale of cocaine" was the crime to which Torres-Calderon pled. It also indicates that Torres-
11  Calderon was denied probation under the California Penal Code § 1203.073(b)(1), which
12  specifically denies probation to any person, "convicted of ... violating Section 11352 of the
13  Health and Safety Code by selling, a substance containing 28.5 grams or more of cocaine...."
14  Penal Code § 1203.073(b)(1). The plea of no contest to Count 1 and the admission of possession
15  for sale of a certain quantity of cocaine for purposes of Penal Code § 1203.073(b)(1) all
16  demonstrate that Torres-Calderon was convicted of a drug trafficking crime which would have
17  been a felony drug offense if charged under federal law.

18      Application of the modified categorical approach compels the conclusion that the
19  defendant was convicted of an aggravated felony in 1992. 8 U.S.C. § 1101(a)(43)(B). Therefore,
20  at the very least, an 8 level enhancement applies to Torres-Calderon's base offense level.
21  However, since the he was convicted of selling or possessing a for sale a certain quantity of
22  cocaine, and was sentenced to 4 years imprisonment, as reflected in the Abstract of Judgment, the
23  defendant was also convicted of a drug trafficking offense within meaning of United States
24  Sentencing Guidelines 2L1.2(b)(1)(I), and therefore, a 16 level enhancement applies.

27  //
28  //

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00745-01 JF**                4

1

## SENTENCING GUIDELINES CALCULATION

2       Pursuant to the United States Sentencing Guidelines, which are advisory after the Supreme

3   Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the defendant has a total

4   offense level of 24.  The defendant's base offense level is 8.  U.S.S.G. §2L1.2.  The base offense

5   level is increased by sixteen (16) levels, to 24, if the defendant previously was deported after a

6   conviction for a felony that is a drug trafficking offense, and the sentence imposed exceeded

7   thirteen (13) months.[3]  Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility,

8   the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted

9   offense level of 21.

10      The Probation Officer calculates that the defendant has 16 criminal history points, and

11  therefore, falls into Criminal History Category VI. [PSR 6-12.]  An adjusted offense level of 21

12  when indexed with a Criminal History Category of VI yields a guideline range of 77-96 months.

13

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

14      The government recommends a sentence of 77 months imprisonment, 3 years of

15  supervised release, no fine, and a $100 special assessment.

16      The defendant has serious felony convictions that span a 15-year period from 1992 to

17  2007.  Arguably, his most serious offense occurred in 1992, when he was convicted for selling

18  cocaine.  Since then, the defendant's convictions include 2nd degree burglary in 2003, where the

19  stole or attempted to steel $3000 worth of over-the counter medication from a grocery store; and

20  possession of a controlled substance 2005.  These narcotics related convictions indicate that the

21  defendant is still a danger to the community.  His other offenses, including taking a vehicle

22  without consent, a felony in 2007, suggest that the defendant is as unwilling to follow the law now

23  as he was in 1992.  Since a sentencing court must consider the need to avoid unwarranted

24  sentence disparities among defendants with similar records who have been found guilty of similar

25  conduct.  18 U.S.C. § 3553(a)(6), the government respectfully recommends a sentence of 77

26  months imprisonment, which is at the low-end of a fairly significant guideline range.

27      Finally, the PSR indicates that the defendant does not have the ability to pay a fine.

28

---

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00745-01 JF**                                    5

1  Therefore, the government asks the Court not to impose one. [PSR18.]  The Court is required to

2  impose a special assessment of $100.00.

3

4  DATED: July 10, 2008                        Respectfully submitted,

5                                              JOSEPH P. RUSSONIELLO

6                                              United States Attorney

7

8

9

10

11                                             ___/s/_____

12                                             CHAD MANDELL

13                                             Special Assistant United States Attorney

14

15

16

17

18

19  cc:    Honorable Jeremy Fogel

20         Alfredo Morales, Attorney for Defendant

21

22

23

24

25

26

27

28

# EXHIBIT A

1 | JAMES P FOX
  | DISTRICT ATTORNEY
2 | SAN MATEO COUNTY
  | BY: DEAN E JOHNSON
3 | DEPUTY DISTRICT ATTORNEY
  | 401 MARSHALL ST
4 | REDWOOD CITY, CA 94063 .

5 | TELEPHONE: (415) 363-4636

6 | ATTORNEYS FOR PLAINTIFF

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO

9   THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                               ) DA CASE: INF 0032005
10                           PLAINTIFF,         ) ( FELONY )
                                               )
11                    V.                        ) INFORMATION
                                               )   CMS
12  JOSE TORRES-CALDERON                        )
    216 IVY DR                                  )
13  MENLO PARK, CA 94025                        )   SC285175
                                               )
14    AKA JAVIER HUGO HERNANDEZ                 )
      AKA GERARDO PULIDO-MENDOZA                )
15    AKA GERARDO PULIDO              CALENDAR MAR 10 1992 FS
      AKA GERARDO MENDOZA                       )
16    AKA CHICKEN                               )
                                               )
17  *SALVADOR RAMIREZ COLIN                     )
    1944 PULGAS AV                              )
18  EAST PALO ALTO, CA 94303                    )
                                               )
19    AKA RAMIREZ COLIN SALVADOR                )
      AKA SALVADOR COLIN RAMIREZ                )
20    AKA RAMIREZ SALVADOR COLIN                )
                                               )
21                                              )
                                               )
22                            DEFENDANT(S).)
    - - - - - - - - - - - - - - - - - - - - - - - - - - - -

23       THE SAID DEFENDANT(S) IS/ARE ACCUSED BY THE DISTRICT

24  ATTORNEY OF THE COUNTY OF SAN MATEO OF THE STATE OF CALIFORNIA,

25  BY THIS INFORMATION, OF THE FOLLOWING CRIME(S):

26

27

28

FILED

MAR 10 1992

WARREN SLOCUM, County Clerk
By _____
        DEPUTY CLERK

1    COUNT: 001, ON OR ABOUT 02.13 1992, JOSE TORRES-CALDERON,

2    AND SALVADOR RAMIREZ COLIN, DID WILLFULLY AND UNLAWFULLY

3    TRANSPORT, IMPORT INTO THE STATE OF CALIFORNIA, SELL, FURNISH,

4    ADMINISTER, OR GIVE AWAY, OR OFFER TO TRANSPORT, IMPORT INTO THE

5    STATE OF CALIFORNIA, SELL, FURNISH, ADMINISTER, OR GIVE AWAY, OR

6    ATTEMPT TO IMPORT INTO THE STATE OF CALIFORNIA OR TRANSPORT A

7    CONTROLLED SUBSTANCE, TO WIT: COCAINE, IN VIOLATION OF HEALTH

8    AND SAFETY CODE SECTION 11352, A FELONY.

9        IT IS FURTHER ALLEGED THAT DEFENDANT JOSE TORRES-CALDERON,

10   POSSESSED FOR SALE OR SOLD 28.5 GRAMS OR MORE OF COCAINE, A

11   SUBSTANCE CONTAINING 28.5 GRAMS OR MORE OF COCAINE OR 57 GRAMS

12   OR MORE OF A SUBSTANCE CONTAINING COCAINE WITHIN THE MEANING OF

13   PENAL CODE SECTION 1203.073(B)(1).

14       IT IS FURTHER ALLEGED THAT DEFENDANT SALVADOR RAMIREZ COLIN

15   , POSSESSED FOR SALE OR SOLD 28.5 GRAMS OR MORE OF COCAINE, A

16   SUBSTANCE CONTAINING 28.5 GRAMS OR MORE OF COCAINE OR 57 GRAMS

17   OR MORE OF A SUBSTANCE CONTAINING COCAINE WITHIN THE MEANING OF

18   PENAL CODE SECTION 1203.073(B)(1).

19

20       COUNT: 002, ON OR ABOUT 02.07 1992, JOSE TORRES-CALDERON,

21   DID WILLFULLY AND UNLAWFULLY TRANSPORT, IMPORT INTO THE STATE OF

22   CALIFORNIA, SELL, FURNISH, ADMINISTER, OR GIVE AWAY, OR OFFER TO

23   TRANSPORT, IMPORT INTO THE STATE OF CALIFORNIA, SELL, FURNISH,

24   ADMINISTER, OR GIVE AWAY, OR ATTEMPT TO IMPORT INTO THE STATE OF

25   CALIFORNIA OR TRANSPORT A CONTROLLED SUBSTANCE, TO WIT: COCAINE,

26   IN VIOLATION OF HEALTH AND SAFETY CODE SECTION 11352, A FELONY.

27

28

2.

1 | COUNT: 001, ON OR ABOUT 02/13/1992, JOSE TORRES-CALDERON,

2 | AND SALVADOR RAMIREZ COLIN, DID WILLFULLY AND UNLAWFULLY

3 | TRANSPORT, IMPORT INTO THE STATE OF CALIFORNIA, SELL, FURNISH

4 | ADMINISTER, OR GIVE AWAY, OR OFFER TO TRANSPORT, IMPORT INTO THE

5 | STATE OF CALIFORNIA, SELL, FURNISH, ADMINISTER, OR GIVE AWAY, OR

6 | ATTEMPT TO IMPORT INTO THE STATE OF CALIFORNIA OR TRANSPORT A

7 | CONTROLLED SUBSTANCE, TO WIT: COCAINE, IN VIOLATION OF HEALTH

8 | AND SAFETY CODE SECTION 11352, A FELONY.

9 | IT IS FURTHER ALLEGED THAT DEFENDANT JOSE TORRES-CALDERON,

10 | POSSESSED FOR SALE OR SOLD 28.5 GRAMS OR MORE OF COCAINE, A

11 | SUBSTANCE CONTAINING 28.5 GRAMS OR MORE OF COCAINE OR 57 GRAMS

12 | OR MORE OF A SUBSTANCE CONTAINING COCAINE WITHIN THE MEANING OF

13 | PENAL CODE SECTION 1203.073(B)(1).

14 | IT IS FURTHER ALLEGED THAT DEFENDANT SALVADOR RAMIREZ COLIN

15 | , POSSESSED FOR SALE OR SOLD 28.5 GRAMS OR MORE OF COCAINE, A

16 | SUBSTANCE CONTAINING 28.5 GRAMS OR MORE OF COCAINE OR 57 GRAMS

17 | OR MORE OF A SUBSTANCE CONTAINING COCAINE WITHIN THE MEANING OF

18 | PENAL CODE SECTION 1203.073(B)(1).

19 |

20 | COUNT: 002, ON OR ABOUT 02/07/1992, JOSE TORRES-CALDERON,

21 | DID WILLFULLY AND UNLAWFULLY TRANSPORT, IMPORT INTO THE STATE OF

22 | CALIFORNIA, SELL, FURNISH, ADMINISTER, OR GIVE AWAY, OR OFFER TO

23 | TRANSPORT, IMPORT INTO THE STATE OF CALIFORNIA, SELL, FURNISH,

24 | ADMINISTER, OR GIVE AWAY, OR ATTEMPT TO IMPORT INTO THE STATE OF

25 | CALIFORNIA OR TRANSPORT A CONTROLLED SUBSTANCE, TO WIT: COCAINE,

26 | IN VIOLATION OF HEALTH AND SAFETY CODE SECTION 11352, A FELONY.

27 |

28 |

```
 1  JAMES P FOX
    DISTRICT ATTORNEY
 2  SAN MATEO COUNTY
    BY: MORLEY B PITT
 3  DEPUTY DISTRICT ATTORNEY
    1050 MISSION RD
 4  SOUTH SAN FRAN, CA 94080

 5  TELEPHONE: (415) 877-5454

 6  ATTORNEYS FOR PLAINTIFF

 7

 8          MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN MATEO

 9                  SAN MATEO COUNTY JUDICIAL DISTRICT

10  THE PEOPLE OF THE STATE OF CALIFORNIA,  ) SM CASE
                                            ) DA CASE: COM 0032005
11                            PLAINTIFF,    ) ( FELONY )
                                            )
12                    V.                    ) COMPLAINT
                                            )
13   JOSE TORRES-CALDERON                   )
     216 IVY DR                             )
14   MENLO PARK, CA 94025                   )
                                            )
15    AKA JAVIER HUGO HERNANDEZ             )
      AKA GERARDO PULIDO-MENDOZA            )
16    AKA GERARDO PULIDO                    )
      AKA GERARDO MENDOZA                   )
17    AKA CHICKEN                           )
                                            )
18  *SALVADOR RAMIREZ COLIN                 )
     1944 PULGAS AV                         )
19   EAST PALO ALTO, CA 94303               )
                                            )
20    AKA RAMIREZ COLIN SALVADOR            )
      AKA SALVADOR COLIN RAMIREZ            )
21    AKA RAMIREZ SALVADOR COLIN            )
                                            )
22                                          )
                           DEFENDANT(S).)
23  -------------------------------------------

24      I, THE UNDERSIGNED, SAY, ON INFORMATION AND BELIEF, THAT

25  IN THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA:

26

27

28
```

# EXHIBIT B

ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SINGLE OR CONCURRENT COUNT FORM

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

**(ENDORSED)**

# FILED

APR 27 1992

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ SAN MATEO _____

BRANCH _____

WARREN SLOCUM, County Clerk

By     VIRGILIO S. CASTRO

DEPUTY CLERK

| | | CASE NUMBER |
|---|---|---|

**PEOPLE OF THE STATE OF CALIFORNIA** versus

**DEFENDANT:** JOSE TORRES-CALDERON     ☒ PRESENT     C-28275-01

AKA: JAVIER HUGO HERNANDEZ, ETC.     ☐ NOT PRESENT

**COMMITMENT TO STATE PRISON     AMENDED** ___
**ABSTRACT OF JUDGMENT     ABSTRACT** ___

| DATE OF HEARING MO/DAY/YEAR | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 04-14-92 | 03 | ARAM SERVERIAN | K. SULLIVAN |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| C. METOYER | D. JOHNSON | L. BRAMY | NONE STATED. |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY MISDEMEANOR)..

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR COMMITTED | DATE OF CONVICTION BY MO DAY YEAR | JURY | COURT | PLEA | TERM IMPOSED YEARS MO |
|---|---|---|---|---|---|---|---|---|---|
| 1 | H&S | 11352 w/ 1203.073(b)(1) | SALE OF COCAINE | 92 | 04 14 92 | | X | X | .1 |

2. **ENHANCEMENTS** charged and found true **TIED TO SPECIFIC COUNTS** (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC. For each count, list enhancements horizontally. **Enter** time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter the total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. **ENHANCEMENTS** charged and found true **FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS** (mainly § 667-series) and **OTHER.** List all enhancements based on prior convictions or prior prison terms charged and found true. Add or more under the same section, repeat, for each enhancement (e.g., if 2 priors, list for prior conviction insurance § 667.5(b), list § 667 twice). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancement charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Add enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

Defendant shall pay a $100 restitution fund fine
as mandated by Government Code Section 13967.

5. TIME STAYED § (1170 (1)(g)) (DOUBLE BASE LIMIT)

6. TOTAL TERM IMPOSED ....................................................................................... .1

7. THIS SENTENCE IS TO RUN **CONCURRENT** WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED

A. ☒ AT INITIAL SENTENCING HEARING     B. AT RESENTENCING PURSUANT TO     C. AFTER REVOCATION OF     D. AT RESENTENCING PURSUANT TO RECALL     E.
     DECISION ON APPEAL     PROBATION     OF COMMITMENT (PC 1170 (d))

9. TIME OF CUSTODY CREDITS     DATE OF SENTENCE     TOTAL DAYS     ACTUAL LOCAL     LOCAL CONDUCT     STATE INSTITUTION
MO DAY YEAR
     04-14-92     53     0     53     21     _____

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH     AND THE CUSTODY OF     CALIF. INSTITUTION FOR     CALIF. MED.     CALIF. INSTITUTION
     THE DIRECTOR OF     WOMEN – FRONTERA     FACILITY – VACAVILLE     FOR MEN – CHINO     DEUEL INSTITUTION
     AFTER 48 HOURS,     CORRECTIONS AT THE
     EXCLUDING SATURDAYS,     RECEPTION GUIDANCE     ☒ SAN QUENTIN
     SUNDAYS AND HOLIDAYS     CENTER LOCATED AT:
          OTHER (SPECIFY)

**CLERK OF THE COURT**

_I hereby certify the foregoing to be a correct abstract of the judgment made in this action._

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | APR 27 1992 |

**ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California

**EXHIBIT C**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA MARIE

JUDGE DEPT. NO. 03          CASE NO. C28275-01          DATE 14 APR 1992
DEPUTY CLERK K SULLIVAN          COURT REPORTER
HONORABLE ARAM SERVERIAN                                CMSPOWR

TITLE OF ACTION: PEOPLE ETC. VS. JOSE TORRES-CALDERON
                 AKA JAVIER HUGO HERNANDEZ, GERARDO PULIDO-MENDOZA,

NATURE OF EVENTS:   PRE TRIAL CONFERENCE                          JT 5-4
                    VS 11352HS  1203.073(B)(1)PC, VS 11352HS  1203.073(B)(1)PC


        SR INT L COOKS

                 (PARTIES AND COUNSEL CHECKED IF PRESENT)
DEFENSE COUNSEL  L. BRAMY
DISTRICT ATTORNEY BY  D JOHNSON                    DDA _____

__ DEFENDANT ___ NOT PRESENT ✓ PRESENT __ I/C __ RETURN/SURRENDER ON BW
__ PRE-TRIAL CONFERENCE __ HELD ___ NOT HELD ___ RESET TO _____ AT _____
__ JURY TRIAL OF S/14 __ VACATED/RESET FOR _____ AT _____ ASSIGNED _____
__ ON _____ MOTION, INFORMATION/INDICTMENT AMENDED
   AS FOLLOWS: _____

__ CHANGE OF PLEA FORM FILED. __ DEFENDANT ADVISED OF RIGHTS, WAIVED THE SAME
__ DEFENDANT ADVISED OF PERIOD OF PAROLE PURSUANT TO SEC. 1170.1 PC.
__ DEFENDANT ENTERED A NEW PLEA OF __ NO CONTEST __ GUILTY TO: COUNT 1 __ VS
   11352 HS _____; ALLEGATION NO. __ __ AS TO COUNT 1 ___ VS _____
   1203.073(B)(1): COUNT _____ VS _____; ALLEGATION NO. _____ AS TO
   COUNT _____ VS _____; COUNT _____ VS _____;
   ALLEGATION NO. _____ AS TO COUNT _____ VS _____ _____.

__ MOTION TO DISMISS REMAINING COUNTS/ALLEGATIONS __ UNDER SUBMISSION TO _____
   GRANTED.
__ STIPULATED FACTUAL BASIS FOR PLEA.
__ COURT ACCEPTS THE PLEA AND FINDS DEFENDANT GUILTY OF THE CHARGE TO WHICH
   HE/SHE PLED NOLO CONTENDERE.
__ DEFENDANT WAIVED FORMAL ARRAIGNMENT FOR JUDGMENT, STATED NO LEGAL CAUSE WHY
   SENTENCE SHOULD NOT NOW BE PRONOUNCED, AND MOVED FOR PROBATION/DIVERSION.
__ DEFENDANT WAIVED TIME FOR SENTENCE. __ PRE-SENTENCE REPORT WAIVED.
__ IMPOSITION OF SENTENCE SUSPENDED _____
__ PROBATION REPORT AND SENTENCE SET FOR DONLLS AT _____.
__ CRIMINAL PROCEEDINGS SUSPENDED. DOCTORS _____
   APPOINTED TO EXAMINE THE DEFENDANT UNDER SEC. _____
   STIPULATED THAT THE COURT/PROBATION MAY APPOINT ANOTHER DOCTOR EX PARTE
   SHOULD THE NAMED DOCTORS BE UNAVAILABLE.
__ RECEIPT OF DOCTORS' REPORTS SET FOR _____ AT _____.
__ DEFENDANT FAILING TO APPEAR, WITHOUT SUFFICIENT EXCUSE
   _____ BAIL FORFEITED        _____ O.R. REVOKED.
__ BENCH WARRANT ORDERED ISSUED WITH _____ NO BAIL _____ BAIL SET AT $_____
__ DEFENDANT APPEARED __ BW ORDERED RECALLED __ BAIL __ O.R. REINSTATED
__ MOTION FOR ISSUANCE OF BENCH WARRANT/FORFEITURE OF BAIL/REVOCATION OF O.R.
   SUBMITTED/CONTINUED TO _____ AT _____.
__ MOTION FOR __ REDUCTION OF BAIL __ RELEASE O.R. __ GRANTED __ DENIED.
   BAIL RESET $_____.
__ DEFENDANT __ REMANDED; REMAINS ___ I/C __ BAIL __ O.R. __ ORDERED TO APPEAR
__ BAIL EXONERATED _____
__ BENCH WARRANT RETURNED AND SERVED.
__ DATE 14 APR 1992  PROCEEDINGS _____ 163 | 234
JOSE TORRES-CALDERON                              CRIMINAL MINUTE FORM 2

                                  33

CASE NO. C-287 PEOPLE OF THE STATE OF CALIFORNIA vs JOSS TORROS-
(Sentencing Attachment - State Prison)    CALDERON

Sentence is imposed as follows:

____Defendant is committed to:    ____Department of Corrections for

____California Youth Authority (pursuant to Sec. 1731.5(b) WIC) for

(M) 4 YEARS

_____

_____

_____

_____

_____

consecutive / concurrent to _____

____Credit for 62 ____ actual days served, plus ___31___ days good time / work time for a total

of 93 days. Defendant to be delivered by the Sheriff to the Director of Corrections:

____California State          ____Central California          ____to be housed at California
Prison,                      Women's Facility,              Youth Authority, pursuant
San Quentin                  Chowchilla                     to Sec. 1731.5(c) WIC

____Defendant to be brought before this Court for further proceedings if not accepted by CYA.

____Defendant shall pay a $100.00 restitution fund fine as mandated by Government Code Section 13967.

____Defendant shall pay fine of $ _____ plus penalty assessment of $ _____ plus
$ _____ pursuant to Section 11372.5 H&S plus $ _____ pursuant to Section 11372.7 H&S.
Pay fine of $ _____ _____ pursuant to Section 290.3PC. _____

_____

Payments to be made to Revenue Services. Payment due date if total fines payable are $500.00 and over
_____

____Genetic marker testing pursuant to Section 290.2PC.

____AIDS testing pursuant to Section 1202.1PC.

DEFT DOES NOT HAVE ABILITY
TO REIMBURSE SAN MATEO CO
FOR CT. APPTID CO

Dated: 4/14/08    Sentencing Attachment          Criminal Minute Form 5
                                                  State Prison