JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

CHAD M. MANDELL (ILBN 6286783)
Special Assistant United States Attorney

    150 South Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-2695
    Facsimile: (408) 535-5081
    chad.mandell@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00745 |
| Plaintiff, | UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM (IN WHICH IT ACKNOWLEDGES HAVING INCORRECTLY DONE IT THE FIRST TIME) |
| v. | |
| JOSE TORRES-CALDERON, | |
| Defendant. | Date: July 25, 2008<br>Time: 9:00 a.m. |

**Introduction**

Upon further reflection, the United States believes that the Guidelines calculation for this defendant is straightforward, and does not require the Court to navigate the rocks and shoals of the "modified categorical" approach. This defendant was charged on March 10, 1992 with a violation of California Health and Safety Code section 11352. The criminal Information also alleged that the defendant was ineligible for probation under California Penal Code Section 1203.073(b), the text of which provides, in full, as follows:

> Except as provided in subdivision (a), probations shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons:

> (1) Any person who is convicted of violating Section 11351 of the Health and Safety Code by possessing for sale, or Section 11352 of the Health and Safety Code by selling, a substance containing 28.5 grams or more of cocaine as specified in paragraph (6) of subdivision (b) of Section 11055 of the Health and Safety Code. Penal Code § 1203.073.

When that section is read, as it must be, in conjunction with California Health and Safety Code § 11352, there is no doubt that this defendant was convicted of selling at least 28.5 grams of cocaine. There is no need to look behind the Abstract of Judgment. Given that this defendant has the highest criminal history category, VI (16 points), the correct sentencing range, is 77-96 months. The government accordingly requests a sentence at the low-end of that range: 77 months imprisonment.

## Argument

1. <u>The Abstract of Judgment is Sufficient Proof of the Prior Felony</u>. The Ninth Circuit cases that question the validity of Abstracts are not apposite. The analytical model constructed by the U.S. Supreme Court in <u>Taylor v. United States</u> 495 U.S. 575 (1990) is a one or two step process. These cases all employ the second step, or "modified categorical approach," which is unnecessary in this case because the statutes under which the defendant was convicted and sentenced categorically qualify as a drug trafficking offense for purposes of a 16 level sentencing enhancement under United States Sentencing Guidelines section 2L1.2(b)(1)(I)(A)(I).

Under <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the first step courts should take is the "categorical approach." Under the categorical approach, a court only looks to the fact of conviction and the statutory definition of the prior offense in determining whether a prior crime fits within the definition of a predicate offense. <u>U.S. v. Navidad-Marcos,</u> 367 F.3d 903, 908 (9th Cir. 2004). The Ninth Circuit routinely allows the use of abstracts, coupled with a charging document, to satisfy this burden. *See* <u>United States v. Valle-Montalbo</u>, 474 F3. 1197, 1201-02 (9th Cir. 2007)("trial court may rely upon the Abstract of Judgment and charging document to conclude there is clear and convincing evidence that the defendant had a qualifying conviction under U.S.S.G. § 2L1.2(b)(1)(A)"); <u>United States v. Rodrigueuz-Lara</u>, 421 F.3d 932, 949-50 (9th Cir. 2005). Minutes may presumably be considered, since Minute Orders share many similarities with Abstracts of Judgment. <u>Navidad-Marcos</u>, 367 F3d. at 909.

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00745-01 JF**           2

In this case, the Information charged the defendant with violating both California Health and Safety Code § 11352 and Penal Code §1203.072(b)(1). The Information tied both statutes together in a single count. The Minutes indicate that the defendant admitted to the allegation that he possessed cocaine for sale, or sold it, within the meaning of Penal Code § 1203.073 and that he pled nolo contendere to the charge that he violated Health & Safety Code § 11352. (Exibit D). The Abstract indicates that he was convicted and sentenced to four years under both statutes.[1] Thus the fact of conviction is established, and logically, these statutes which were charged together, pled together, and which together compelled the court to convict and sentence the defendant must logically be read together in applying the categorical approach.

Read together, Health & Safety Code § 11352 and Penal Code § 1203.073, constitute a drug trafficking offense as contemplated by U.S.S.G. § 2L1.2.(1)(B)(iv). Simply put, Penal Code §1203.072(b)(1) applies only to a defendant charged under Health and Safety Code § 11352 if the Court finds that the defendant has sold cocaine or possesses for it for sale. People v.Bartlett, 226 Cal. App 3d 249 , *253 (1990). In the instant case, both statutes were charged and alleged, the defendant admitted and pled to both, and the court found a factual basis for both. The Information, Minutes, and Abstract are consistent on this and nothing except the defendant's objection 16 years later challenges this consistency. Where it is impossible to know what the defendant was convicted of by way of looking to the fact of conviction and the statutes that define it, a Court may need make to look elsewhere to determine what the defendant was convicted for doing. However, here it is cannot be more clear that the defendant was charged, convicted, and sentenced to 4 years imprisonment under Health and Safety Code § 11352 and Penal Code § 1203.072(b)(1). This can only mean that the defendant was convicted of selling cocaine or possessing cocaine for sale. Therefore, the defendant qualifies for an 16 level enhancement under the U.S.S.G.

//

---

[1] In contrast, in cases that discourage using abstracts, the abstracts that indicate that the defendant pled to a different crime than that in the charging document. See Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1078-79 (9th Cir.2007); Martinez-Perez v. Gonzales, 417 F.3d 1022, 1029 (9th Cir.2005); see also U.S. v Navidad-Marcos, 367 F.3d at 908-09 (9th Cir. 2004) (disapproving use of abstract alone to narrow conduct charged in information). Again, these cases are not apposite because the statutes involved do not pass the test presented by the categorical approach.

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00745-01 JF**                           3

### *Apprendi and Salazar-Lopez*

First, although the defense raises an argument relating to the scope and continuing validity of Almendarez -Torres v. United States, 523 U.S. 224 (1998), and the constitutionality of 8 U.S.C. § 1326(b), it is foreclosed by existing precedent and requries no special discussion. United States v. Salazar-Lopez, 506 F.3d 748, 751 n.3 (9th Cir. 2007).

Second, in Salazar-Lopez, 506 F.3d at 752, the Ninth Circuit held that "the date of the removal...should have been alleged in the indictment," as well as proved to the jury at trial. As Defendant correctly states, it is the temporal relationship between the conviction and the removal that is key to the sentencing enhancement. In this case, the Information contains all the required information: "On or about June 18, 2007, the defendant Jose Torres-Calderon, an alien, previously having been arrested and deported from the United States on or about April 8, 1994, June 13, 1995, and January 12, 2004..." was found in the United States without permission. There is no dispute that defendant was removed in 2007 and it appears that the defendant did not raise this issue before sentencing, even though he had a copy of the Information in the instant case and pled guilty to its charge that he violated 8 U.S.C. § 1326. The defendant was therefore deported after he sustained a 1992 felony conviction for cocaine trafficking and qualifies for sentencing enhancements under 8 U.S.C. § 1326 and the U.S.S.G.

### **The Government's Sentencing Reccomendation**

While the Court is at liberty to depart from the U.S.S.G. sentencing range of 77-96 months, the Government respectfully recommends that this case demands this sentence. The statute the defendant violated is a powerful in that it can take a dangerous career criminal off the street just for being there. At the same time, the U.S.S.G. and 8 U.S.C. §1326 are fair in that defendants are punished in a manner that reflects their respective criminal history and danger to the community. An offender who commits dangerous crimes continues to present a danger to the community when he demonstrates that despite suffering numerous convictions, despite having been incarcerated, and despite having been granted probation, and therefore the chance to rehabilitate his conduct, he continues to disregard the law and to the law as an obstacle.

8 U.S.C.§ 1326 protects the community from two groups of offenders, those who are

deterred by the prospect of incarceration, and those who choose break the law anyway. Torres-Calderon belongs to this second group. His first serious offense on record was a narcotics related conviction in 1992. He was denied probation because he was selling large quantities of cocaine. Torres-Calderon was paroled on April 2, 1994, and deported on April 8, 1994.

Less than 10 months later, he was convicted of having and/or manufacturing deceptive Government identification. He was sentenced to 13 days in jail, and was deported again. And so it went for 15 years. Torres-Calderon has been deported 3 times and sentenced to jail or prison at least 10 times. He has forgone numerous opportunities to improve his conduct through probation. Instead, he has chosen to remain a danger to the community. He has 3 felonies convictions since 2004 – two involved theft, and at least one involved illegal narcotics. Torres-Calderon is a Criminal History Category VI – the highest under the United States Sentencing Guidelines. It is through no accident or mistake that his sentencing range is significant: it is based on his criminal conduct. Therefore, the Government respectfully recommends a Guideline sentence of 77 months imprisonment.

DATED: July 24, 2008              Respectfully submitted,

                                  JOSEPH P. RUSSONIELLO
                                  United States Attorney


                                  _____/s/_____
                                  CHAD MANDELL
                                  Special Assistant United States Attorney


cc:    Honorable Jeremy Fogel
       Alfredo Morales, Attorney for Defendant

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00745-01 JF**                5